HAUSER AWNING ARM CO. v. ANTON et al.

(Circuit Court of Appeals, Sixth Circuit. June 6, 1916.)

No. 2781.

1. PATENTS ☞328—VALIDITY AND INFRINGEMENT—AWNING ARM.
    The Anton patent, No. 986,120, for an awning arm, *held* not anticipated, valid, and infringed.
2. PATENTS ☞176—CONSTRUCTION OF CLAIMS.
    While elements not named in a patent claim will not be read into it in order to save it from anticipation, yet when some general arrangement was evidently intended by the patentee, is fully described in the specifications, and is such that without it the whole device is inoperative, this feature will be deemed to have been contemplated by the patent grant, and to that extent may be read into the claim.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 250⅔–252; Dec. Dig. ☞176.]

Appeal from the District Court of the United States for the Western District of Tennessee; John E. McCall, Judge.

Suit in equity by Frederick A. Anton and others against the Hauser Awning Arm Company. Decree for complainants, and defendant appeals. Affirmed.

W. N. Key, of Jackson, Tenn., for appellant.

W. F. Small, of Washington, D. C., and W. K. Small, of St. Louis, Mo., for appellees.

Before KNAPPEN and DENISON, Circuit Judges, and SATER, District Judge.

DENISON, Circuit Judge. Infringement suit on patent No. 986,120, issued March 7, 1911, to F. A. Anton, for an awning arm. The awning is supported through two or more jointed arms which are

pivoted to a frame attached to the face of the building, and which, when extended, incline outwardly and downwardly. Their outer ends are pivoted to a rigid rod parallel with the building, and forming the outer edge of the extended awning. The awning itself is carried on a roller adjacent to the building front. When released, these arms operate by gravity only, swinging out and unfolding themselves; the two pivots corresponding to the shoulder and elbow of the human arm. To raise the awning, the roller is revolved and the awning rolled up as the arms fold. By this device, the patentee avoids the necessity of horizontal brace rods from the lower edge of the awning to the building, and occupies, with the awning fixtures, less vertical space on the building front than otherwise necessary.

[1] The present record requires us to assume that this was the first awning arm opening by gravity alone, and not connected with or supported from the building excepting at the one point where pivoted thereto. This pivot, at what may be called the shoulder, is carried in the attaching frame, and has its upper end tilted forward, whereby the arm naturally swings outwardly. This pivot may also have the upper end tilted laterally toward the side away from the fold, and this tilt will accelerate the latter part of the outward swing. If the second or elbow pivot were fixedly parallel with the first or shoulder pivot, the resistance of the unrolling awning and the change in the tilt of the pivot with relation to the building front would tend to check the action of this elbow joint before it was fully opened; and, to neutralize this tendency, Anton gave his second pivot an additional tilt at an angle lateral to the first pivot, which tilt, when the arm was perhaps two-thirds opened, would give, by gravity, further aid to the full opening of the elbow from this point on. To prevent having the three pivots come into straight line—and so put the arm on what may be called a "dead center" when it was attempted to roll up the awning and fold the arm—he provided a stop for the elbow which checked the opening just before completion. The device has gone into extensive use and seems to meet a situation created by the recently recognized need of getting lighting space above the top of the awning. The two claims in suit, Nos. 1 and 2, are quoted in the margin.[1] The District Court decreed infringement, and defendant appeals.

[2] It is urged that the addition of a stop, where desired, and the tilting of a pivot to aid a gravity swing, are common expedients and do not involve invention; that claims 1 and 2 depend upon these ele-

[1] Claim 1. An awning arm comprising two sections, pivoted together at their adjacent ends, the other end of the inner section being pivoted to a frame and the other end of the other section being pivoted to an awing pole, the pivots being so disposed that the sections are foldable together laterally, and a stop for stopping the middle pivot from coming in line with the end pivots.

Claim 2. An awning arm comprising two sections pivoted together at their adjacent ends, the other end of one section being pivoted to a frame, and the other end of the other section being pivoted to an awning pole, the pivots being so disposed that the sections are foldable together laterally, and the middle pivot being tilted at a lateral angle to the inner end pivot.

ments of novelty; and hence that these claims are void. It is not necessary to decide whether the mere addition of these elements to existing structures would constitute invention. The novelty here involved is broader. While it is well settled as a general rule that elements not named in a claim will not be read into it in order to save the claim from anticipation, it is equally well recognized that when some general arrangement or environment was evidently intended by the patentee, is fully described in the specification, and is such that, without it, the whole device is inoperative, this feature will be deemed to have been contemplated by the patent grant, and, to that extent, may be read into the claim. "This may be done with a view of showing the connection in which a device is used and proving that it is an operative device." McCarty v. Railroad, 160 U. S. 110, 116, 16 Sup. Ct. 240, 242, 40 L. Ed. 358. Here the thought that the awning arm should unfold by gravity only is not, in so many words, expressed in either claim, and is implied in the first claim less clearly than in the second; but it is expressed in the specification as one of the purposes, the whole description is appropriate to that idea and not to any other form and we think it plain enough that the patent was intended to reach only that form. Under these conditions, claims 1 and 2 should be interpreted as restricted to awning arms which operate by gravity. So restricted, no anticipation appears, and it is not important that the patentee has (perhaps unnecessarily) limited his claims by referring to a stop and a tilted pivot which may, of themselves, be common expedients. If a commercially successful device on the principles of the patent cannot be constructed without using these expedients, the scope of the patent is not practically limited; and the present case does not require consideration of any other hypothesis.

Infringement of the first claim, by the use of a stop equivalent to the form shown in the patent, is clear. From an examination of the exhibits, we are satisfied that the second or elbow pivot in defendant's device is tilted at a lateral angle to the first pivot in substantially the same way and accomplishing the same results as contemplated by the second claim in the patent. Defendant undertakes to prove the contrary by producing as an exhibit one of its commercial forms modified so that the second pivot is parallel with the first and by insisting that this modified structure has the characteristic full-opening action of the patent in even greater degree than in the patented form. However, the exhibit so produced and operated, with this alleged result, was not tied by an awning pole to another arm so that the outer end must move always in a line perpendicular to the building, and so that the second or outer section of the arm must be unfolding constantly at the same rate as the inner section. When this exhibit model is operated and its motion thus restricted, it seems to support rather than to discredit the theory of the patent as to the beneficial effect of tilting the second pivot; and it appears that defendant found the patented idea, as expressed in the tilted pivot of the second claim, useful enough to justify adoption in defendant's commercial form.

The decree of the court below is affirmed.